[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 28, 2008
THOMAS K. KAHN
CLERK

No. 07-15351
Non-Argument Calendar

_____

BIA No. A96-272-606

ROOSEVELT ACHIRI ALOMBA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 28, 2008)

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Petitioner is a native and citizen of Cameroon. He entered the United States on a date unknown to the Government, and on December 10, 2002, submitted to the Immigration and Naturalization Service, not the Department of Homeland Security, an application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the U.N. Convention Against Torture.

A Notice to Appear issued on September 8, 2003, charging Petitioner with removability as being an alien inadmissible by law on several grounds. On February 11, 2004, Petitioner, through counsel, admitted that he was removable as alleged in the Notice to Appear, and eleven days later an Immigration Judge ("IJ") heard his application, denied it, and ordered him removed. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and on June 8, 2006, it adopted and affirmed the IJ's decision. On April 19, 2007, Petitioner, through substitute counsel, moved the BIA to reissue its June 8 decision – on the ground that he had not received the June 8 decision due to the ineffectiveness of his lawyer who failed to notify him of the decision – and to grant a stay of removal. Although counsel asked the BIA to reissue the June 8 decision, it effectively asked the BIA to reopen Petitioner's appeal.

On October 17, 2007, the BIA granted the motion in an order that effectively vacated the June 8 decision and reinstated Petitioner's appeal on its own

motion pursuant to 8 C.F.R. § 1003.2(a), and then issued a final order of removal as of October 17, incorporating by reference the text of the vacated June 8 order. In the same October 17 order, the BIA denied Petitioner's request for a stay.

On November 16, 2007, Petitioner, through current counsel, filed a petition with this court, seeking review of the BIA's October 17 decision. He argues that the BIA abused its discretion by denying his motion to reopen based on the ineffectiveness of his counsel in his hearing before the IJ. The Government argues that Petitioner has abandoned any challenge to the BIA's order adopting and affirming the IJ's removal order.

When an appellant fails to offer argument on an issue, that issue is abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Petitioner has abandoned any challenge he may have to the BIA's October 17 order because his brief does not address that order. The Government further argues that we lack jurisdiction to review Petitioner's challenges to the BIA's February 17 order denying his motion to reopen.

We review "questions of subject matter jurisdiction de novo." Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). We have jurisdiction to determine the jurisdictional facts. Id. While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1) and

3

(b)(1). "Since the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citing Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995)). A motion to reconsider filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period. Stone, 514 U.S. at 405-06, 115 S.Ct. at 1549 (construing the former 90-day period for filing a petition for review under INA § 106(a)(1), 8 U.S.C. § 1105(a)).

We lack jurisdiction to review the BIA's denial of Petitioner's motion to reopen because Petitioner did not file a timely petition for review of that order with this court. To the extent that Petitioner seeks review of the BIA's order adopting and affirming the IJ removal order, his petition is denied. To the extent that he seeks review of the BIA's denial of his motion to reopen, the petition is dismissed.

DENIED, in part; DISMISSED, in part.